UNITED STATES OF AMERICA
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

          v.             CASE NO.  8:03-cr-87-T-26MAP

IZHAK COHEN
_____/

**ORDER**

      This matter is before the Court on the forensic report submitted by the warden at MCC Miami finding the Defendant competent under 18 U.S.C. § 4241.  Per my custom when receiving these types of reports, I convened a status hearing today on the matter.  Both sides have received copies of the report, and the Defendant was present at the hearing aided by a Hebrew interpreter.  Because the Defendant and the government counsel stipulate to the essential findings in the MCC Miami report, I find the Defendant is competent to proceed in that he is able to understand the nature and consequences of the proceedings against him and can properly assist in his defense.

      On April 4, 2005, per its mandate, the Eleventh Circuit remanded this matter to the district court with instructions to determine if the Defendant was competent when he entered the plea of guilty to conspiring to distribute ecstasy or MDMA.  If competent, the circuit directed the district court to reinstate the conviction; otherwise, the district court should reverse the conviction (doc. 175).  After the remand, but before any scheduled evidentiary hearing on the competency question, the parties filed a joint notice of negotiated resolution stating that he had reached an "equitable resolution to the matter."  This resolution entailed a new plea agreement with a new Rule 11

inquiry.[1] To advance this new proposal the Defendant filed an unopposed motion to determine the Defendant's competency (doc. 210). *See* 18 U.S.C. § 4241. Accordingly, I granted the request and remanded the Defendant to the custody of the Attorney General for a reasonable period not to exceed thirty days so that he could be examined per the requirements of § 4241. Since these events, the Defendant has been extensively examined and monitored at MCC Miami, and that facility's forensic exam coordinator opines the Defendant is competent to proceed. The Defendant agrees to its essential findings that he is competent to proceed; furthermore, defense counsel advised a defense-retained expert has reached the same conclusion. For these reasons, both sides have waived their right to a competency hearing as permitted by 18 U.S.C. §§ 4241(c) and 4247(d). Therefore it is

    ORDERED:

    1. After considering the forensic report issued by the Bureau of Prisons and the stipulation of the parties, I find by a preponderance of the evidence that the Defendant is presently competent in that he can understand the nature and consequences of the proceedings against him and assist properly in his defense.

    2. The parties are to file forthwith the plea agreement reached.[2]

    3. Defense Counsel is to file with Clerk under seal those expert opinions furnished to the government opining the Defendant competent to stand trial.

    4. The Clerk is to place under seal the forensic report submitted by the warden of MCC

---

[1] The notice did not specifically say all this but that was its clear import. Moreover, to carry out the parties' proposal, the parties necessarily envisioned the district judge's vacating the conviction before a new Rule 11 hearing.

[2] The parties are put on notice that their filing of the agreement does not mean the district judge is bound to vacate the conviction and consider the plea agreement. Moreover, the parties should be ready to proceed to an evidentiary hearing on the competency question addressed in the Eleventh Circuit's mandate should the district judge refuse to accept the parties' proposed resolution.

Miami by letter to this Court dated June 8, 2006.

IT IS SO ORDERED at Tampa, Florida, on July 31, 2006.

                                              /s/ Mark A. Pizzo
                                              MARK A. PIZZO
                                              UNITED STATES MAGISTRATE JUDGE

cc:    Hon. William J. Castagna
        Counsel of Record